AMY, J.,
concurring in the result.
hi concur with the lead opinion that an affirmation is appropriate in this case. However, I write separately and observe that the question placed before the lower court in this case involved only the determination of final periodic support under La.Civ.Code art. 112, an Article focused on the needs of the spouse rather than the needs of the children. Within that limited controversy, the trial court’s ultimate judgment indicated only that “home-schooling is not a factor legally that is considered in this determination of final periodic spousal support.” (Emphasis added.) In the context of the evidence presented and Article 112, I believe that such a determination is supported by the record.
While only the issue of final periodic support was before the court, Ms. Rhymes’ argument regarding her desire to home-school the parties’ children collapses concepts that, in my view, are attendant to custody and child support. This melding of concepts is seen by Ms. Rhymes’ reliance on Donna G.R. v. James B.R., 39,005 (La.App. 2 Cir. 7/2/04), 877 So.2d 1164, writ denied, 04-1987 (La.9/3/00), 882 So.2d 550. Ms. Rhymes asserts in her brief that this second circuit case “jurisprudentially includes, home schooling, as a factor to be considered when awarding a home schooling parent final periodic support.”
However, I do not find this matter analogous to Donna G.R., 877 So.2d 1164, a case in which the trial court and the second circuit were presented with | separate rules for determining whether homeschooling was in the best interests of the children and for the determination of spousal support. Thus, the second circuit was able to more broadly reference statutory authority attendant to not only spousal support, but custody and child support as well.
The same is not true in this case and, therefore, I think reliance on Donna G.R. introduces those extraneous concepts to the limited question before the trial court *290 and, in turn, this court. Specifically, in this case, Mr. Rhymes withdrew his formal objection to home-schooling, thus removing the question of whether home-schooling was in the children’s best interests. The extent of that stipulation was relayed by Ms. Rhymes’ counsel at the hearing that “the children will be allowed to be home-schooled by their motherf.]” I find no stipulation in the record regarding the best interests question, merely a withdrawal of the formal “rule to show cause why children should not be enrolled in the public school system.” Accordingly, I refrain from venturing into such an inquiry here. Neither would I consider the issue of voluntary unemployment under La.R.S. 9:315.11, a concept related to child support.
Considering the limited question placed before the trial court, and based on the facts presented, I find no error in the trial court’s ruling and would affirm the underlying judgment. As I reach that result by a different analysis from the lead opinion, however, I concur in the result.